IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

BRUCE K. TURNER,                                                           :        CHAPTER 13

Debtor

: BANKRUPTCY NO. 15-14580

THIRD AMENDED  CHAPTER 13 PLAN OF THE DEBTOR

1. If the Debtor's estate were liquidated under Chapter 7 of the Bankruptcy Code, unsecured creditors would not receive any payments. These creditors would not receive less under this Plan.

2. The Debtor shall submit to the supervision and control of the Trustee payments in the amount of $100/month for the entire 60 months of the 60-month plan.

3.  The various claims of the Debtor's creditors are classified in this Plan as follows:

A. Class One: Claims filed and allowed which are entitled to priority. These claims include a priority claim of the Pennsylvania Department of Revenuein the amount of $466.07; a priority claim of the City of Philadelphia of $362.99;  the Trustee's commissions; and the balance of attorney' fees and costs owed to the Debtor's counsel, the amount of payment of which from funds held by the Trustee shall be limited to an additional amount of $3000.

B. Class Two: The claim for arrears on the first mortgage on the Debtor's residence at 4903 Parkside Avenue North, Philadelphia, PA.  19131 ("the Home"), held by US Bank, N.A., as Trustee ("USB").  The Debtor and his wife have applied for a loan modification. If the loan modification application is successful payments shall be made to USB directly, in accordance therewith, which payments shall satisfy all claims of this creditor.  If the loan modification is not successful, the Debtor will litigate his outstanding objection to the claim for arrears to this creditor.  The Debtor will then either pay the allowed amount of arrears or will sell the Home for not less than $350,000 on or before June 30, 2017.

C. Class Three: The claim on the second mortgage on the Home, held by the Pennsylvania Housing Finance Agency ("PHFA").  The Debtor believes that he is current on payments to this creditor, and will continue making the regular post-petition mortgage payments to this creditor in the course of this case.

D. Class Four: The secured claims of the City of Philadelphia, one of which is $1068.17, and the other of which is agreed to be $612.00, plus any statutory interest due. These claims shall be paid in full from the Debtor's payments to the trustee.

E. Class Five: All unsecured claims which are timely filed and allowed.

5. The payments received by the Trustee from the Debtor shall be distributed first to allowed Class One claims, secondly, to the Class Three claim allowed Class Four claimants pro rata.

6. Title of all property of the estate shall revest in the Debtor upon confirmation of a Plan, and the Debtor shall have the sole right to the use and possession of same.

7. Upon application, the Debtor may alter the amount and timing of payments under this Plan.

8. The automatic stay shall remain in full force and effect until this case is closed or if relief is granted to any interested party. After confirmation, relief from the automatic stay shall be granted only for cause stated, after motion and notice and a hearing.

9. Upon completion of this or any other duly confirmed plan, the Debtor shall receive a discharge from all of her dischargeable debts.

Dated: 7-28-16

_____

/s/ DAVID A. SCHOLL

Attorney for Debtor