IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

BRUCE K. TURNER,                                    :        CHAPTER 13

Debtor

: BANKRUPTCY NO. 15-14580

FOURTH AMENDED CHAPTER 13 PLAN OF THE DEBTOR

1. If the Debtor's estate were liquidated under Chapter 7 of the Bankruptcy Code, unsecured creditors would not receive any payments. These creditors would not receive less under this Plan.

2. The Debtor shall submit to the supervision and control of the Trustee payments in the amount of $100/month for the entire 60 months of the 60-month plan.

3. The various claims of the Debtor's creditors are classified in this Plan as follows:

A. Class One: Claims filed and allowed which are entitled to priority. These claims include a priority claim of the Pennsylvania Department of Revenue of $466.07; a priority claim of the City of Philadelphia of $362.99; the Trustee's commissions; and the balance of attorney's fees allowed to the Debtor's counsel, which will be limited to payment of the balance in the Trustee's account after payment of all other administrative expenses.

B. Class Two: The claim for arrears on the first mortgage on the Debtor's residence at 4903 Parkside Avenue North, Philadelphia, PA. 19131 ("the Home"), now allegedly held by U.S.ROF III Legal Title Trust 2015-1 ("USR"). The Debtor and his wife have applied for a loan modification, which they were at one time notified was approved, but for which they were subsequently advised that they will have to reapply. The Debtor and his wife will commence mortgage payments directly to USR in an amount of not less than $1500/month, beginning in /February, 2017, while the loan modification application is pending. If the loan modification is not approved by July 1, 2017, the Debtor and his wife will attempt to sell the Home for not less than $350,000 on or before December 31, 2017. If the Home is not sold by that date, the Debtor will not oppose a motion to dismiss this case filed by any interested party.

C. Class Three: The claim on the second mortgage on the Home, held by the Pennsylvania Housing Finance Agency ("PHFA"). The Debtor believes that he is current on payments to this

creditor, and will continue making the regular post-petition mortgage payments to this creditor in the course of this case.

D. Class Four: The secured claims of the City of Philadelphia, one of which is $106817 and the other of which is agreed to be $612, plus any statutory interest due.

E. Class Five: All other claims which are timely filed and allowed.

5. The payments received by the Trustee from the Debtor shall be distributed first to allowed Class One claims, secondly, to the allowed Class Four claim; and thirdly, to Class Five claimants pro rata.

6. Title of all property of the estate shall revest in the Debtor and his wife upon confirmation of a Plan, and they shall have the sole right to the use and possession of same.

7. Upon application, the Debtor may alter the amount and timing of payments under this Plan.

8. The automatic stay shall remain in full force and effect until this case is closed or until relief is granted to any interested party. After confirmation, relief from the automatic stay shall be granted only for cause stated, after motion and notice and a hearing.

9. Upon completion of this or any other duly confirmed plan, the Debtor shall receive a discharge from all of his dischargeable debts.

Dated: 1-14-17

_____

/s/ DAVID A. SCHOLL

Attorney for Debtor