# IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:
BRUCE K. TURNER,          :     CHAPTER 13
Debtor

: BANKRUPTCY NO. 15-14580

AND NOW, this _____ day of February, 2017, upon consideration of the Motion of Specialized Loan Servicing LLC, as servicing agent for U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee ("USROF"), for relief from the automatic stay, and the Debtor's Answer thereto, and after notice and an opportunity to be heard by all interested parties, it is hereby ORDERED that the Motion is DENIED.

_____
J.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:
BRUCE K. TURNER,
Debtor

: CHAPTER 13

: BANKRUPTCY NO. 15-14580

## DEBTOR'S ANSWER TO MOTION OF USROF FOR RELIEF FROM THE AUTOMATIC STAY, WITH AFFIRMATIVE DEFENSES

1. The allegations of paragraphs 2 and 3 of the Motion are admitted.

2. The allegations of all of the remaining paragraphs are denied or denied as stated and strict proof of same is demanded at any hearing.

### AFFIRMATIVE DEFENSES

3. The only proof of claim filed on behalf of any party claiming to be a mortgagee of the Debtor in the property at issue was filed by US Bank, National Association (No. 2) on August 31, 2015. It appears that Specialized Loan Servicing, LLC ("SPS") filed a Transfer of Claim to itself, but there is no reference to USROF therein. But see paragraph 10 infra.

4. The loan documents attached to the Motion are a Mortgage, and Note and other related documents executed by the Debtor and his wife, JoAnna C. Turner, and dated July 17, 2007, on which the lender is identified as Novastar Mortgage, Inc. ("Novastar").

5. The obligations of the Debtor and his wife on the Note and Mortgage ("the Mortgagors") allegedly came to be transferred by Novastar to Wells Fargo Bank, N.A. ("Wells"), which commenced a foreclosure action against the Mortgagors in the Philadelphia County Court of Common Pleas at Case No. December Term, 2007, No. 349 on July 3, 2012 ("the MF Case").

6. A judgment by default was entered in favor of Wells in the MF Case on

November 19, 2012.

7. Upon the entry of the foreclosure judgment, the Note and Mortgage were merged into the judgment and were no longer enforceable obligations against the Mortgagors. See In re Sherrod, Bankr. No. 13-19680 (Bankr. E.D. Pa. Sept.10, 2015). Therefore, in order for the the Movant or any other party to exercise any rights against the Mortgagors on the basis of the Note and Mortgage, the Movant is obliged to demonstrate that it has a valid assignment of the judgment to it. See id.

8. The Movant has failed to establish or even allege a valid chain of assignment of the judgment to it.

9. Therefore, the Movant has failed to establish its standing to prosecute this Motion on basis, and therefore the relief sought in this Motion must be denied for this reason.

10. The Movant appears to be a servicing company acting on behalf of the mortgagee. The Movant is obliged to establish that it has standing to prosecute this motion on behalf of the mortgagee. See In re Alcide, 450 B.R. 526, 536-37 (Bankr. E.D. Pa. 2011).

11. The Mortgagors in the past submitted an application for a modification of the loan obligation at issue. On November 10, 2016, they received a letter from SPS stating that its client was offering them a loan modification. However, the documents included with the letter related to a different mortgagor and, despite requests for same, no documentation relating to the Mortgagors has been forthcoming. On January 12, 2017, the Mortgagors agreed, without prejudice to their contention that the modification was already granted, to submit a new application. They are awaiting receipt of a new application form. No foreclosure should go forward while their loan modification has been offered or while an application is pending. The Movant should be prevented from proceeding with any foreclosure action until this issue is resolved.

WHEREFORE, the Debtor requests that the Motion be dismissed or denied.

Dated: January 18, 2017                             Attorney for Debtor

/s/DAVID A. SCHOLL
512 Hoffman Street
Philadelphia, PA. 19148

610-550-1765

# National Bankruptcy Services, LLC

14841 Dallas Parkway, Suite 300  •  Dallas, Texas 75254  •  (972) 643-6600  •  (972) 643-6698 (Fax)

November 10, 2016

David A. Scholl
Law Office Of David A. Scholl
512 HOFFMAN ST
PHILADELPHIA, PA 19148-2523

VIA FACSIMILE

RE:  Debtor(s):            Bruce K. Turner
     Case No:              15-14580-MDC
     Client:               Specialized Loan Servicing LLC
     Client Loan Number:   xxxxxx5359
     Our File Number:      4125-N-4715
     Property Address:     4903 Parkside Ave
                           Philadelphia, Pennsylvania 19131

Dear David A. Scholl:

National Bankruptcy Services, LLC has been contracted by Specialized Loan Servicing LLC ("Client") to assist the borrower(s) in exploring a potential workout alternative given their existing hardship.

Our Client is offering to modify the borrower's loan. The modification will result in a permanent change in one or more of the terms of the loan which may include a reduction of the interest rate for a specified period of time and/or a temporary suspension of interest rate changes on an adjustable rate mortgage. The loan would be brought current by adding the accrued and unpaid interest, outstanding fees and other costs due to the principal balance and re-amortizing the loan. Such changes allow the loan to be reinstated and result in a contractual payment the debtor(s) client(s) could afford.

As a contingency of this offer, on non-escrowed loans, our Client will require that the debtor's plan provide for payment of delinquent property taxes, liens and other senior encumbrances.

Please review the attached Loan Modification Agreement for the terms and conditions of the loan modification. Should the borrower(s) choose to accept this offer, please have the Agreement signed and initialed by all parties indicated on the agreement and **returned to our office at the address above within 30 days of the date of this letter.** Failure to do so will result in the withdrawal of the offer to modify without further notice.

Upon receipt of the signed Agreement, our office will file the necessary paperwork to obtain Bankruptcy Court approval. However, if jurisdictional rules require your office to obtain Bankruptcy Court approval, such requests must be made within 20 days of receipt of the signed Agreement. Upon approval by the Bankruptcy Court, our Client will process the loan modification so long as all terms and conditions are met.

EXHIBIT "A"